No. 22-3120

In The
United States Court of Appeals
For The Eighth Circuit

United States of America
Plaintiff-Appellee

v.

Ramien Collins
Defendant-Appellant

Appeal From The United States District
Court For The Eastern District of Arkansas

District Court Case Number 4:19-cr-00528-JM-1

The Honorable James Maxwell Moody, Jr.
United States District Judge

Appellant's Pro Se Brief

Ramien Collins #10539-010
Federal Correctional Complex
Yazoo City-Low
P.O. Box 5000
Yazoo City, Ms. 39194

**FILED**

OCT 10 2023

MICHAEL E. GANS
CLERK OF COURT

**RECEIVED**

OCT 10 2023

U.S. COURT OF APPEALS
EIGHTH CIRCUIT

i

# Table of Contents

Table of Contents..............................ii

Table of Authorities.........................iii-iv

Statement Regarding Oral Argument..........v

Statement of Jurisdiction......................1

Statement of The Issues.......................2

Statement of The Case.........................3

Summary of The Arguments....................4

Arguments.................................5-12

1. The district court's admission of the 'chemical analysis reports' into evidence during trial was plain-error.

2. Upon the district court's admission of the 'chemical analysis reports' into evidence, appellant was denied his constitutional right to confront and cross-examine the forensic chemist who performed the analysis.

3. The evidence was not sufficient to sustain appellant's conviction on each element of the offense beyond a reasonable doubt.

4. Appellant's Fifth and Sixth Amendment right to counsel as explicated in governing Supreme Court case authority was violated.

Conclusion......................................13

Certificate of Service.........................14

Certificate of Compliance.....................15

Appellate Case: 22-3120    Page: 2    Date Filed: 10/10/2023 Entry ID: 5325107

# Table of Authorities

## Cases:

Anders v. California, 386 U.S. 738 (1967), . . . . . . . . . 11, 12
Arizona v. Fulminante, 499 U.S. 279 (1991) . . . . . . . . . 10
Bank of Nova Scotia v. U.S., 487 U.S. 250 (1988) . . . . . . 6
Bookhart v. Janis, 384 U.S. 1 (1966) . . . . . . . . . . . . 8
California v. Green, 399 U.S. 156 (1970), . . . . . . . . . . 7
Chapman v. California, 386 U.S. (18 (1967), . . . . . . . . 5, 7, 8, 10
Clemmons v. Delo, 124 F. 3d 944 (8th Cir. 1997), . . . . . 5, 7, 8, 9, 10
Coy v. Iowa, 487 U.S. 1012 (1988), . . . . . . . . . . . . . 8
Douglas v. California, 372 U.S. 353. . . . . . . . . . . . . 11
Dutton v. Evans, 400 U.S. 74, 94 (1970) . . . . . . . . . . 7
Ellis v. U.S., 356 U.S. 674 (1958), . . . . . . . . . . . . . 12
Fahy v. Connecticut, 375 U.S. 85 (1963) . . . . . . . . . . 7
Glasser v. U.S., 315 U.S. 60 (1942). . . . . . . . . . . . . 5
Johnson v. Zerbst, 304 U.S. 458 (1938), . . . . . . . . . . 5
Kotteakos v. U.S., 328 U.S. 750 (1946). . . . . . . . . . . 6
Lee v. Illinois, 476 U.S. 530 (1986), . . . . . . . . . . . . 8
Mattox v. U.S., 156 U.S. 237 (1895). . . . . . . . . . . . . 7
McCoy v. Ct. of Appeals, 486 U.S. 429. . . . . . . . . . . . 12
Penson v. Ohio, 488 U.S. 75 (1988), . . . . . . . . . . . . 12
Perkins v. C.M.C.F., 2014 U.S. Dist. Lexis 29019 (5th D.C. 2014). . . 7
Puckett v. U.S., 556 U.S. 129 (2009), . . . . . . . . . . . 5
Rose v. Clark, 478 U.S. 570 (1986), . . . . . . . . . . . . 7, 10
Sawyer v. Smith, 497 U.S. 227 (1990), . . . . . . . . . . . 9
Smith v. Robbins, 528 U.S. 259 (2000). . . . . . . . . . . . 11
Yakus v. U.S., 321 U.S. 414 (1944). . . . . . . . . . . . . 5

U.S. v. Agular-Portillo, 334 F. 3d 744 (8th Cir. 2003), . . . 9
U.S. v. Ali, 63 F. 3d 710 (8th Cir. 1995). . . . . . . . . . . 9
U.S. v. Atkinson, 297 U.S. 157 (1936). . . . . . . . . . 6, 8, 10
U.S. v. Bacas, 662 F. Supp. 2d 481 (4th D.C. 2009) . . . . . 7
U.S. v. Bartman, 919 F. 3d 1118 (8th Cir. 2019), . . . . . . 5
U.S. v. Brown, 156 F. 3d 813 (8th Cir. 1998). . . . . . . . . 6
U.S. v. Cline, 27 F. 4th 613 (8th Cir. 2021). . . . . . . . . 11
U.S. v. Collins, 67 F. 4th 919 (8th Cir. 2023). . . . . . . . 11
U.S. v. Deninno, 29 F. 3d 572 (10th Cir. 1994). . . . . . 6, 9, 10
U.S. v. Evans, 2023 U.S. App. Lexis 7180 (8th Cir. 2023), . . 6
U.S. v. Lara-Ruiz, 681 F. 3d 914 (8th Cir. 2012) . . . . . . 6, 9

*U.S. v. Lane*, 474 U.S. 438 (1986) . . . . . . . . . . . . . . . . . . 6

*U.S. v. Nelson*, 603 F. 2d 42 (8th Cir. 1979) . . . . . . . . . . . 10

*U.S. v. Olano*, 507 U.S. 725 (1993) . . . . . . . . . . . . . 5, 6, 7

*U.S. v. Shahane*, 517 F. 2d 1173 (8th Cir. 1975) . . . . . . . . 10

*U.S. v. Young*, 470 U.S. 1 (1985) . . . . . . . . . . . . . . 6, 7

Statutes:

18 U.S.C. 3231 . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. 3742 . . . . . . . . . . . . . . . . . . . . . . . . . 1

21 U.S.C. 841 . . . . . . . . . . . . . . . . . . . . . . 3, 9, 10

28 U.S.C. 1291 . . . . . . . . . . . . . . . . . . . . . . . . . 1

Rules:

Fed. R. Crim. P. 52(a) . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Crim. P. 52(b) . . . . . . . . . . . . . . . 5, 6, 7, 8, 9, 10

Fed. R. Evid. 801 . . . . . . . . . . . . . . . . . . . . . . 6, 8

Fed. R. Evid. 803 . . . . . . . . . . . . . . . . . . . . . . 6, 8

Fed. R. Evid. 901 . . . . . . . . . . . . . . . . . . . . 6, 7, 8, 10

Fed. R. Evid. 902 . . . . . . . . . . . . . . . . . . . . 7, 8, 10

iv.

# Statement Regarding Oral Argument

Appellant Ramien Collins (pro se) formally requests oral argument in this case. If the Court determines that oral argument would aid its decision making process, appellant requests fifteen minutes of argument.

v.

## Statement of Jurisdiction

A. This appeal is from the "Judgment In A Criminal Case", number <u>4:19-cr-00528-JM-1</u>, in the United States District Court for the Eastern District of Arkansas, on September 28, 2022, which had subject-matter jurisdiction of the case under <u>18 U.S.C. 3231</u>.

B. Appellate jurisdiction is vested in the United States Court of Appeals for the Eighth Circuit pursuant to <u>18 U.S.C. 3742</u> and <u>28 U.S.C. 1291</u>.

# Statement of The Issues

1. The district court's admission of the 'chemical analysis reports' into evidence during trial was plain-error.

2. Upon the district court's admission of the 'chemical analysis reports' into evidence, appellant was denied his constitutional right to confront and cross-examine the forensic chemist who performed the analysis.

3. The evidence was not sufficient to sustain appellant's conviction on each element of the offense beyond a reasonable doubt.

4. Appellant's Fifth and Sixth Amendment right to counsel, as explicated in governing Supreme Court case authority was violated.

2.

## Statement of The Case

According to officer Johnathan Chambers, a narcotics investigator for the Thirteenth Judicial District Drug Task Force for the State of Arkansas and a task force officer for the Federal Bureau of Investigation, on September 12, 2018, appellant made the first of three "controlled buy" transactions involving the sale of methamphetamine to a confidential informant named Jonathan Murphy.

The second transaction occured on September 26, 2018, involving the same C.I., Murphy, but was conducted by officer Huston Talley, a special agent with the Arkansas State Police.

The third transaction occured on November 7, 2018, involving the same C.I., Murphy, but was once again conducted by officer Chambers.

On September 5, 2019, a grand jury indicted appellant and charged him with three counts of Knowingly and intentionally distributing fifty gram or more of methamphetamine, in violation of 21 U.S.C. 841(a)(1). A jury heard the case on April 12, 2022 and on April 13, 2022, and appellant was found guilty on all three counts.

Its worthy to note that during trial, trial counsel did not make any objections and when the Government rested its case and at the close of the evidence, trial counsel declined to move for judgment of acquittal. On September 28, 2022, the district court conducted a sentencing hearing and sentenced appellant to 262-months of incarceration. On October 12, 2022, appellant filed a timely notice of appeal.

3

## Summary of The Arguments

The record in this case in the trial court shows that each claim asserted herein warrants further consideration on appeal. The basis for claims two and three have their origin in the conduct that formed the basis for claim number one. Claim number four, unlike claims number one, two, and three concerns a procedural error which occurred in the initial proceedings in the court of appeals.

4.

# Arguments

1. The district court's admission of the chemical analysis reports into evidence during trial was plain-error.

As the record of this case in the trial court shows, trial counsel made no objections during the course of the trial. Therefore, as it concerns the above and preceding claims, appellant must first demonstrate that the claimed error was not intentionally waived as opposed to merely forfeited. A waiver and a forfeiture differ in that a waiver is the "intentional relinquishment or abandonment of a known right," whereas a forfeiture is the failure to assert that right in a timely fashion. See U.S. v. Olano, 507 U.S. 725, 733 (1993)(quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)). There is however a presumption against the waiver of constitutional rights. See Clemmons v. Delo, 124 F. 3d 944, 956 (8th Cir. 1997)(quoting Glasser v. U.S., 315 U.S. 60, 70-71 (1942)), thus, "there are some constitutional rights so basic to a fair trial that their infraction can never be treated as harmless-error," Chapman v. California, 386 U.S. 18, 23 (1967); Federal Rule of Criminal Procedure 52(a).

On the one hand, "[n]o procedural principle is more familiar to th[e Supreme] Court than that a constitutional right' or a right of any other sort, 'may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it,'" Olano, 507 U.S. at 731 (quoting Yakus v. U.S., 321 U.S. 414, 444 (1944)). If a defendant forfeits a right by failing to assert it in a timely fashion, the district court has the discretion, under the plain-error doctrine, to remedy the error caused by the forfeiture. See U.S. v. Barthman, 919 F. 3d 1118, 1120-21 (8th Cir. 2019)(quoting Puckett v. U.S., 556 U.S. 129, 135 (2009)). On the other hand, if a defendant waives a right, appellate review is forclosed altogether. Id. at 1120. Fed. R. Crim. P. 52(b), which governs on appeal from criminal proceedings, provides a court of appeals a limited power to correct errors that were forfeited because not timely raised in the dis-

trict court. "The first limitation on appellate authority under Rule 52(b) is that there indeed be an error." *Olano*, 507 U.S. at 732-33; *U.S. v. Evans*, 2023 U.S. App. Lexis 7180 (8th Cir. 2023). The second limitation on appellate authority under Rule 52(b) is that the error be "plain." "Plain" is synonymous with "clear" or, equivalently, "obvious." See *U.S. v. Young*, 470 U.S. 1, 15, 17, n. 14 (1985) (quoting *U.S. v. Atkinson*, 297 U.S. 157, 160 (1936)). The third and final limitation on appellate authority under Rule 52(b) is that the plain-error "affec[t] substantial rights," which means that the error must have been prejudicial. It must have affected the outcome of the district court proceedings. See, e.g., *Bank of Nova Scotia v. U.S.*, 487 U.S. 250, 255-57 (1988); *U.S. v. Lane*, 474 U.S. 438, 454-62, 464 (1986); *Kotteakos v. U.S.*, 328 U.S. 750, 758-65 (1946). And although federal courts have consistently interpreted the plain-error doctrine as requiring an appellate court to find that the claimed error had a prejudicial impact on the jury's deliberation, it is the defendant who bears the burden of persuasion with respect to prejudice. See *Young*, 470 U.S. at 17, n. 14.

Under plain-error review, the appellate court reverses if there is an error, that is plain, that affects the defendant's substantive rights, and seriously affects the "fairness, integrity or public reputation of judicial proceedings." See *Evans*, 2023 U.S. App. Lexis 7180 (quoting *U.S. v. Lara-Ruiz*, 681 F. 3d 914, 920 (8th Cir. 2012)). Considering then that "deviation from a legal rule" is an "error" within the meaning of Rule 52(b) despite the absence of a timely objection, see *Olano*, 507 U.S. at 732-36, and that in this case in the trial court the record shows that the three "chemical analysis reports" that were prepared for the purpose of providing evidence to "prove, beyond a reasonable doubt,...that the substance [seized, and/or purchased during each instance of the three 'controlled-buys'] was generically methamphetamine," *U.S. v. Deninno*, 29 F. 3d 572, 579 (10th Cir. 1994); *Lara-Ruiz*, 681 F. 3d at n. 7, 9; *U.S. v. Brown*, 156 F. 3d 813, 816 (8th Cir. 1998), were admitted into evidence contrary to Fed. R. Evid. 801's and 803's hearsay and inadmissible hearsay rules, Fed. R. of Evid. 901's authentication requirements, and contrary to "the primary object of the [Confrontation Clause][,i.e.,] to prevent...[trial by] ex parte [out-of-

6.

court] affidavits," Clemmons, 124 F. 3d at 955 (citing Mattox v. U.S., 156 U.S. 237 (1895)); California v. Green, 399 U.S. 156, 179 (1970); Dutton v. Evans, 400 U.S. 74, 94 (1970), there can be no doubt that the admission into evidence of the 'chemical analysis reports' under aforementioned circumstances satisfies the requirements of Fed. R. Crim. P. 52(b). Moreover, because the 'chemical analysis reports' were admitted into evidence without proper authenticat under Fed. R. Evid. 901, and, were neither certified nor introduced via live testimony of the forensic chemist who performed the analysis, or through the testimony of any "otherwise qualified witness" under Fed. R. Evid. 902(11), see U.S. v. Bacas, 662 F. Supp. 2d 481 (4th D.C. 2009); Perkins v. C.M.C. Fa, 2014 U.S. Dist. Lexis 29019 (5th D.C. 2014).

As it regards Rule 52(b)'s requirement that the "error" complained of "affec[t] substantial rights," Olano, 507 U.S. at 734-35, considered in conjunction with the requirement that "[t]he error must be real and such that it probably influenced the verdict," Note, Appellate Review in a Criminal Case of Errors Made Below Not Properly Raised and Reserved, 23 Miss. L. J. 42, 57 (1951); Rose v. Clark, 478 U.S. 570, 577-78 (1986), under the particular circumstances existing in this case in the trial court, the appellate court should experience little difficulty in "find[ing] that the claimed error... had [a] prejudicial impact on the jury's deliberation," Young, 470 U.S. at 17, n. 14, thus prejudicially affecting appellant's 'substantial rights' under both the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fifth Amendment. See Chapman, 386 U.S. at 23 ("An error in admitting plainly relevant evidence which possibly influenced the jury adversly to a litigant cannot under Fahy [v. Connecticut, 375 U.S. 85, 86-87 (1963)], be conceived of as harmless"). Since the otherwise 'ex parte' 'chemical analysis reports' as admitted into evidence were used against appellant in the trial court in lieu of a personal examination and cross-examination of the 'forensic chemist' who performed the chemical analysis, "in short [appellant was denied] every single element of the right of confrontation," Clemmons, 124 F. 3d at 955. And, considering that 'the government had the burden of proving,'[1] beyond a reason doubt that the substance acquired during each 'controlled-buy' was methamphetamine, but fail-

1. 'beyond a reasonable doubt.'

Appellate Case: 22-3120    Page: 12    Date Filed: 10/10/2023 Entry ID: 5325107

ed to properly certify, authenticate and introduce the chemical analysis reports' into evidence via live testimony or the testimony of an 'otherwise qualified witness' before or during trial, thus rendering those analysis reports 'inadmissible' under Fed. R. Evid. 801, 803, 901, and 902 and their admission into evidence then prejudicially affected 'the jury's deliberations and the outcome of the district court proceedings. Wherefore, in accordance with the standard articulated in Atkinson, 297 U.S. at 160, regarding the exercise of remedial discretion under Rule 52(b), appellant argues that "[t]he court of appeal should correct [the] plain forfeited error affecting [appellant's] substantial rights [in the trial proceedings] [if the error[s] claimed herein] 'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings," Id. at 160, in the trial court in this case.

2. Upon the district court's admission of the 'chemical analysis reports' into evidence, appellant was denied his constitutional right to confront and cross-examine the forensic chemist who performed the analysis.

3. The evidence was not sufficient to sustain appellant's conviction on each element of the offense beyond a reasonable doubt.

Because claims two and three are precipitations of the first claim of 'error', the preceding argument fairly illustrates the prejudicial effect of their occurrence, and do not require extensive discussion. As it concerns the claim of denial of the right to confront and cross-examine the forensic chemist who performed the analysis of the substance acquired during the three 'control-buys', there can be no doubt that "[t]he Confrontation Clause [of the Sixth Amendment] provides two types of protection for a criminal defendant: the right to physically face those who testify against him, and the right to conduct cross-examination." Coy v. Iowa, 487 U.S. 1012, 1017 (1988). And, considering that 'confrontation' is a 'fundamental requirement,' see Lee v. Illinois, 476 U.S. 530, 540 (1986), and that "the right of confrontation is personal and ... cannot be waived by counsel," Clemmons, 124 F. 3d at 956 (citing Brookhart v. Janis, 384 U.S. 1, 4, 7 (1966)); Chapman, 386 U.S. at 23, the applicable standard of review is plain-error be-

8

cause the record in this case in the trial court does not show that appellant 'intentionally waived' his right to confront and cross-examine the forensic chemist who performed the analysis presented in the 'chemical analysis reports' admitted into evidence. Wherefore, taking into consideration the aforementioned circumstances under which the 'chemical analysis reports' were admitted into evidence, the error claimed at claim number-two, is then "not a violation about which reasonable jurists may disagree, see Sawyer v. Smith, 497 U.S. 227, 234 (1990), nor are [the two types of protections afforded by the Confrontation Clause] mere principles which [would] require jumps in reasoning to conclude that [this appellant's] rights were violated" Clemmons, 124 F. 3d at 955 (citing Sawyer, 497 U.S. at 236), in the trial court, or conclude that that 'error' satisfies the prerequisits of Rule 52(b) and warrants a reversal of appellant's conviction, because, in other words the denial of appellant's confrotation rights is "an error, that is plain, that affect[ed] appellant's] substantive rights, and seriously affects the 'fairness, integrity or public reputation of judicial proceedings." Evans, 2023 U.S. App. Lexis. 7180 (quoting U.S. v. Lara-Ruiz, 681 F. 3d 914, 920 (8th Cir. 2012)).

As it regards the question of whether the evidence was sufficient to sustain appellant's conviction on each element of the offense beyond a reasonable doubt, in this case in the trial court, the Government was required "[t]o prove that [appellant] distributed methamphetamine [on three different occasions] in violation of 21 U.S.C. 841(a)(1)." Lara-Ruiz, 681 F. 3d at n. 7, 9. Moreover, in order to convict a defendant of distributing methamphetamine, in violation of 841(a)(1) and (b)(1)(A) as in this case, 'the government must have shown that the defendant 'knowingly sold or otherwise transferred methamphetamine' See U.S. v. Aguilar-Portillo, 334 F. 3d 744, 747 (8th Cir. 2003). Because the Government must prove every element of an offense beyond a reasonable doubt, see U.S. v. Ali, 63 F. 3d 710 (8th Cir. 1995), in this case in the trial court, it "ha[d] the burden of proving [that] the ... substance associated [with each 'controlled-buy'] was methamphetamine" Deninno, 29 F. 3d at 579, beyond a reasonable doubt. However, consequential to the previously demonstrated improper admission of the 'chemical analysis reports' during trial proceedings, the evidence in that regard "deprive[d

appellant] of the 'basic protections [without which] [appellant's] criminal trial [could] reliably serve its function as a vehicle for determination of guilt or innocence." Arizona v. Fulminante, 499 U.S. 279, 310 (1991) (quoting Rose, 478 U.S. at 577-78). Because of the inadmissibility of the 'chemical analysis reports' their introduction into evidence was then a prejudicial admission of otherwise "plainly relevant evidence which [, in this case, unmistakably] influenced the jury adversely to [appellant]." Chapman, 386 U.S. at 23 (citing Fahy, 375 U.S. at 86-87. Wherefore, all premises considered, the evidence as it concerns the admission and admissibility of the 'chemical analysis reports' in the trial court, was and is insufficient to sustain appellant's convictions for each of three counts of 'distribution of methamphetamine' in violation of 21 U.S.C. 841(a)(1) and (b)(1)(A). That is to say, considering that the 'chemical analysis' evidence offered into evidence by the Government to prove that the substance acquired from each 'controlled-buy' was methamphetamine was not properly authenticated and identified under Fed. R. Evid 901 or offered through the testimony of the 'forensic chemists' who performed the analysis or through the testimony of any other 'otherwise qualified witness' under Fed. R. Evid 902, the Government did not prove beyond a reasonable doubt that the "substance was generically methamphetamine." Deninno, 29 F. 3d at 579. Wherefore, because the Government did not prove every element of the 'distribution of methamphetamine' offenses, the evidence necessarily was not "sufficient to convince [a reasonable] jury beyond a reasonable doubt that [appellant was] guilty." U.S. v. Nelson, 603 F. 2d 42, 47 (8th Cir. 1979) (citing U.S. v. Shahane, 517 F. 2d 1173, 1777 (8th Cir. 1975)). Since nothing in the record of this case in the trial court remotely approaches a waiver by appellant of his claim regarding the insufficiency of evidence, i.e., "an intentional relinquishment or abandonment of [his] ... right" Clemmons, 124 F. 3d at 956, to raise that claim on appeal pursuant to Rule 52(b), and the claimed error is, plain and prejudicially affected appellant's substantive right to a 'fundamentally fair" Rose, 478 U.S. at 577-78, trial, the court of appeals should correct appellant's "plain-forfeited error ... [because] the error seriously affect[ed] the fairness, integrity [and] public reputation of judicial proceedings" Atkinson, 297 U.S. at 160, in the trial court in this case,

10.

4. Appellant's Fifth and Sixth Amendment right to counsel as explicated in governing Supreme Court case authority was violated.

The Constitution, as construed in Douglas v. California, 372 U.S. 353 (1963), guarantees the right of an indigent accused in a criminal case to have the assistance of counsel on appeal. See U.S. v. Cline, 27 F. 4th 613 (8th Cir. 2022). Moreover, the law is "clearly-established" that the right to the effective assistance of counsel does not end once an accused has been convicted, because under the Sixth Amendment, extends that right to a defendant's first appeal. In this case on appeal appellant has been denied not only his right to the effective assistance of counsel under the Sixth Amendment but also his right to due process under the Fifth Amendment's Due Process Clause.

As the record of this case in the initial stage on appeal shows "after determining that [appointed] counsel's initial brief [to withdraw] did not satisfy his obligations under Anders v. California, 386 U.S. 738, 744-45 (1967), [the appeals court] ordered counsel to file a[nother] complaint Anders brief. U.S. v. Collins, 67 F. 4th 919 (8th Cir. 2023). Counsel... filed a second brief, concluding there are no meritorious grounds for reversal. Yet [h]is brief, like the first, "makes inferences against Collins," id. at 920, and argues to affirm, including on harmless error grounds. [However, d]espite these shortcomings, [the appeals court] grant[ed] counsel's motion to withdraw." "Order" (June 29, 2023). Notwithstanding that this court granted appellant the opportunity to "file a pro se brief raising any issues [that] he believes the court should consider on appeal," Id., and also denied appellant's motion for appointment of counsel filed by appellant on or around August 10, 2023, the court clearly failed to follow the "procedure" established in Anders "designed to vindicate the constitutional right to appellate counsel." Cline, 27 F. 4th 613 (citing Smith v. Robbins, 528 U.S. 259, 273 (2000)). The appeals court in this case erred in two respects. First, appellate counsel's motion for leave to withdraw should have been denied because counsel failed to draw attention to "anything in the record that might arguably support an appeal." Second, the court of appeals should not have acted on the motion to withdraw before it made its own examination of the record to determine whether counsel's evaluation was sound. This require-

ment was plainly stated in <u>Ellis</u> v. <u>U.S.</u>, 356 U.S. 674, 675 (1958), it was repeated in <u>Anders</u>, 386 U.S. at 744, and it was reiterated in <u>McCoy</u> v. <u>Ct. of Appeals of Wis., Dist. 1</u>, 486 U.S. 429, 442-43 (1988). Wherefore, all premises considered, the court of appeals much like the court of appeals in <u>Penson</u> v. <u>Ohio</u>, 488 U.S. 75, 81-83, n. 5, 6 (1988), violated appellant's right to counsel under the Federal Constitution's Fifth and Sixth Amendment, as explicated in <u>Anders</u> v. <u>California</u>, by granting counsel's motion for leave to withdraw when in court's own words after counsel's initial submission of his motion to withdraw the court stated that: "We have determined that we cannot decide the appeal until counsel files a brief that satisfies <u>Anders</u> requirements. . . . The motion to withdraw is held in abeyance pending the filing of a compliant brief," <u>Per Curiam</u> (decision dated May 15, 2023), pg. 2-3, and in its <u>Order</u> dated June 29, 2023, among other things it stated that: "Counsel . . . filed a second brief, . . . like the first . . . [but d]espite [its] shortcomings, we grant counsel's motion to withdraw," <u>Order</u>, and by failing to examine the record before it acted on counsel's motion and under the particular circumstances surrounding its particular assessment of counsel's motions to withdraw the court of appeals denied appellant both due process and the process that was due when it failed to appoint new counsel to represent appellant on appeal.

## Conclusion

The preceding claims herein warrant further consideration on appeal because they are supported by the record in both the trial and appellate court, also by governing circuit and Supreme Court authority

13.

## Verification

I hereby declare under penalty of perjury, pursuant to 28 U.S.C. 1746, that the preceding claims are true and correct.

Date: September 27, 2023 _____

## Certificate of Service

I hereby certify that on this 27th day of September, 2023, one original copy and one photo-copy of appellant's "Pro Se Brief" were placed in the institutional mail system, with first-class postage prepaid, addressed to the Clerk of Court, 111 South 10th Street, Room 24-329, St. Louis, Missouri 63102, and to Chris Givens, U.S. Attorney's office, P.O. Box 1229, Little Rock, Arkansas 72203-1229.

Date: September 27, 2023 _____

Federal Correctional Complex
Yazoo City-Low
P.O. Box 5000
Yazoo City, Ms. 39194.

14.

## Certificate of Compliance

Pursuant to Federal Rule of Appellate Procedure 32 (a), the undersigned certifies that this brief complies with the word volume limitation of the Rule.

1. This brief does not exceed the page limitation of 30-pages permitted under Fed. R. App. P. 32(a)(7)(A).

Date: September 27, 2023 _____

Federal Correctional Complex
Yazoo City-Low
P.O. Box 5000
Yazoo City, Ms. 39194.

15.

Mr. Ramien Collins #10539-010
Federal Correctional Complex
Yazoo City-Low
P.O. Box 5000
Yazoo City; Ms. 39194



Legal Mail

United States Court of Appeal
Clerk of Thomas F. Eagleton U.S. Courthouse
111 South 10ᵗʰ St. Room 24-329
St. Louis; Mo 63102

Appellate Case: 22-3120    Page: 21    Date Filed: 10/10/2023 Entry ID: 5325107



FEDERAL CORRECTIONAL COMPLEX
P.O. BOX 5666
YAZOO CITY, MS 39194

THE ENCLOSED LETTER WAS PROCESSED
ON  9-22-203  WITH SPECIAL
MAILING PROCEDURES.

The letter has neither been opened or inspected if
the writer raises a question or problem over which
this facility has jurisdiction, you may wish to
return the material for further information or
clarification. If the writer encloses
correspondence for forwarding to another
addressee, please return the enclosure to the above
address.